DUNCAN T. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISONER & PLAINTIFF

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 JUN 22 PM 3:59

MC-FJ-08
DATE: 6/14/05
TIME: 19:00

By Mail
IFP

# U.S. DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Duncan T. McNeil, III<br>PLAINTIFF<br>v.<br>UNITED STATES, AND ITS OFFICERS AND AGENCIES; CLERK - U.S. DISTRICT COURT - D-DE ; CLERK - U.S. BANKRUPTCY COURT - D-DE ; U.S. ATTORNEY - D-DE ; OFFICE OF U.S. TRUSTEE - D-DE ; U.S. MARSHAL SERVICE - D-DE ; FBI - D-DE ; IRS - D-DE ; SECRET SERVICE - D-DE ; AND THEIR OFFICERS,<br>DEFENDANTS. | CASE NO. 05 - 421<br><br>VERIFIED COMPLAINT FOR:<br>① TO COMPEL OFFICERS / AGENCIES OF THE U.S. TO PERFORM DUTIES PURSUANT TO 28 U.S.C. § 1361;<br>② DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201;<br>③ FOR ENTRY OF JUDGMENTS GRANTING FULL FAITH & CREDIT PURSUANT TO U.S. CONST. ART. IV § 1 AND 28 U.S.C. § 1738;<br>④ FOR RELIEF FROM VOID JUDGMENTS AND ORDERS PER 28 U.S.C. § 1655;<br>⑤ FOR ENFORCEMENT OF JUDGMENTS AGAINST DEFENDANTS PURSUANT TO FRCP 71, 69(a) & 70;<br>⑥ CORRECTION OF AGENCY RECORDS PURSUANT TO 5 U.S.C. § 552a(g);<br>⑦ FOR INJUNCTION PER FRCP 65 AND FOR APPOINTMENT OF A MASTER PER FRCP 53(b);<br>⑧ FOR DAMAGES, COSTS AND ATTORNEY FEES.<br>JURY TRIAL DEMANDED |

Pl. 1 of 27

# I. JURISDICTION & VENUE

1.1. THIS COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1301.

1.2 VENUE IS PROPER IN THIS COURT, AS ONE OR MORE OF THE DEFENDANTS AS GOVERNMENT OFFICERS OR AGENCIES RESIDES IN OR HAS IT'S OFFICE OF OPERATIONS IN THIS DISTRICT, AND ONE OR MORE OF THE ACTS COMPLAINED OF OCCURED IN THIS DISTRICT.

1.3. THAT PLAINTIFF IS AN "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B), AS THE DISBURSING AGENT, LIQUIDATING TRUSTEE, AND GENERAL MANAGER OF REORGANIZED DEBTOR BROADWAY BUILDINGS II L.P., PURSUANT TO ORDERS OF THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, CASE NO. LA 98-18082, ENTERED 3/19/99 AND 6/16/99.

1.4 THAT PLAINTIFF IS A "QUALIFIED INDIVIDUAL" WITH AN

ESTABLISHED DISABILITY, ENTITLED TO REASONABLE ACCOMMODATIONS FROM THE DEFENDANTS, AND THIS COURT, AND THE EQUAL PROTECTION CLAUSE OF THE 14TH AMEND. OF THE U.S. CONST.

1.5 THAT PLAINTIFF IS A RESIDENT OF SPOKANE, WA, AND IS PRESENTLY UNLAWFULLY INCARCERATED IN SPOKANE COUNTY JAIL, IN VIOLATION OF HIS CIVIL & CONSTITUTIONAL RIGHTS, IN RETALIATION FOR HAVING ATTEMPTED TO EXERCIZE HIS CONSTITUTIONALLY PROTECTED RIGHTS.

1.6 THAT THIS COURT FURTHER HAS JURISDICTION IN THIS MATTER PURSUANT TO 28 U.S.C. § 2201, U.S. CONST. ART IV §1; 28 U.S.C. §1738, 28 U.S.C. § 1655, AND 5 U.S.C. § 552a(g).

PETITIONER & RESPONDENTS "DUTIES"

## II. PLAINTIFFS & DEFENDANTS "DUTIES"

2.1 THE PLAINTIFF IS THE LAWFUL OWNER, OWNER AND TRUSTEE, AS TO THE FOLLOWING "FOREIGN JUDGMENTS" REGISTERED IN THE FOLLOWING ACTIONS:

(a) UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. MC-02, FILED 3/21/02;

(b) UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. 04-427, FILED 5/16/02;

(c) UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WASHINGTON, CASE NO. 02-103, FILED 10/17/02;

(d) UNITED STATES DISTRICT COURT FOR DISTRICT OF IDAHO, CASE NO. MC-05114, FILED 12/27/00; AND

(e) SPOKANE COUNTY SUPERIOR COURT CASE NO. 02-2-02825-4, FILED 5/7/02; WITH ALL OF THE FOREGOING COLLECTIVELY BEING HEREINAFTER REFERRED TO AS "FOREIGN JUDGMENTS".

2.2. THAT THE PLAINTIFFS AND THE DEFENDANTS EACH ACQUIRED CERTAIN DUTIES PURSUANT TO THE "FOREIGN JUDGMENTS

PG 4 OF 22

2.3. THAT BASED UPON THE "FOREIGN JUDGMENTS" ON 1/30/01 IN CASE NO. CS-97-435-BHW, A "STIPULATED ORDER RE: LIABILITY AND DAMAGES" WAS ENTERED (HEREINAFTER "ATTACHED EXECUTION".)

2.4. THAT THE ATTACHED MONEY JUDGMENT IS HEREINAFTER REFERRED TO AS "ATTACHED EXECUTION".

2.5. THAT DEFENDANTS HAVE A CONSTITUTIONAL DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY, TO GRANT FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", PURSUANT TO U.S. CONST. ART IV §1.

2.6 THAT DEFENDANTS HAVE A STATUTORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY, TO GRANT FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", PURSUANT TO 28 U.S.C. §1738.

2.7 THAT THE DEFENDANTS HAVE A STATUTORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY, TO ~~EXECUTE AND ENFORCE~~ ISSUE EXECUTION AND ENFORCEMENT AS TO THE "FOREIGN JUDGMENTS" AND THE

PG 5 OF 22

1. "ATTACHED EXECUTION" PURSUANT TO
2. FRCP RULE 69.
3.    2.8 THAT THE DEFENDANTS HAVE
4. A STATUTORY DUTY, AS A MINISTERIAL
5. NON-DISCRETIONARY DUTY, TO ENFORCE
6. THE REIMPOSED AUTOMATIC STAY,
7. ESTABLISHED BY THE "FOREIGN
8. JUDGMENTS" AND THE "ATTACHED
9. EXECUTION" PURSUANT TO 11 U.S.C § 362
10.    2.9 THAT THE DEFENDANTS
11. HAVE A STATUTORY DUTY, AS A
12. MINISTERIAL NON-DISCRETIONARY
13. DUTY TO ENFORCE THE DISCHARGE
14. AND DISCHARGE INJUNCTION
15. ESTABLISHED BY THE "FOREIGN
16. JUDGMENTS" AND THE "ATTACHED
17. EXECUTION", PURSUANT TO 11
18. U.S.C. § 524 AND 11 U.S.C. § 1141.
19.    2.10 THAT THE DEFENDANTS
20. HAVE OTHER CONSTITUTIONAL,
21. STATUTORY, REGULATORY DUTIES,
22. AS MINISTERIAL NON-DISCRETIONARY
23. DUTIES AS TO THE ENFORCEMENT
24. AND EXECUTION OF THE "FOREIGN
25. JUDGMENTS" AND THE "ATTACHED
26. EXECUTION", AS PROVIDED BY LAW.
27.    2.11 THAT THE DEFENDANTS
28. HAVE BREACHED THEIR DUTIES AS

OBLIGATIONS AS TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION";

2012 THAT PURSUANT TO WAC 446-20-050(1)(b), RCW 10.97, WAC 446-20, AND 5 U.S.C § 5529, THE DEFENDANTS HAVE A STATUTORY DUTY TO ~~KEEP~~ CREATE, MAINTAIN, CORRECT AND DISSEMINATE ACCURATE RECORDS AS TO THE PLAINTIFF, THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION";

2013 THAT THE DEFENDANTS HAVE BREACHED THEIR DUTY TO CREATE, MAINTAIN, CORRECT AND DISSEMINATE ACCURATE RECORDS, AS TO THE PLAINTIFF, THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", IN VIOLATION OF RCW 10.97, WAC 446-20 AND 5 U.S.C § 5529.

2014 THAT THE DEFENDANTS HAVE FAILED TO MAKE DISCLOSURES TO THE PLAINTIFF AS MANDATED BY THE FOIA, ② GRANT THE PLAINTIFF ACCESS TO THE COURTS, OR AGENCY ADJUDICATIVE PROCEEDINGS; ③ GRANT

7 OF 22
PC