AO 451 (Rev. 11/91)  Certification of Judgment

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUN 22 PM 4: 10

# United States District Court

Eastern DISTRICT OF Washington

Duncan J. McNeil

v.

David Baker, et al

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

Case Number: CS-97-435-RHW

I, __James R. Larsen__, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

__MAR 15 2002__, as it appears in the records of this court; and that
Date

*no notice of appeal from this judgment has been filed, amd no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

MAR 15 2002                                James R. Larsen
Date                                       Clerk

                                           _C. Kenney_
                                           (By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ... "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict: to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

PG 17 OF 22

```
 1  Carlos Valero, WSBA#29192
    Law Offices of Carlos Valero
 2  715 E. Sprague Ave, Suite 204
    Spokane, WA  99202-2142
 3  Telephone  509-462-0000
    Facsimile 509-462-0007
 4  Attorney for Counter-Claimants
```

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 3 0 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUNCAN J. McNEIL,<br><br>    Plaintiff,<br>v.<br>DAVID BAKER, et. al.,<br><br>    Defendants. | Case No. CS-97-435-RHW<br><br>STIPULATED ORDER RE:<br>LIABILITY AND DAMAGES |
| CITIZENS AGAINST BANKRUPTCY &<br>REAL ESTATE FRAUD L.P; et. al.,<br><br>    Employers and Counter-Claimants,<br>vs.<br>JOHN T. POWERS, et. al.,<br><br>    Counter-Defendants. | Hearing Date: September 27, 2000<br>Hearing Time: 1:00 p.m.<br><br>Attest A True Copy<br>James R. Larsen Clerk<br>United States District Court<br>Eastern District of Washington<br><br>By _____<br>    Deputy Clerk |

Plaintiff Duncan J. McNeil ("Plaintiff") and Counter Claimants CITIZENS AGAINST BANKRUPTCY & REAL ESTATE FRAUD LIMITED PARTNERSHIP ("CITIZENS AGAINST"); BROADWAY BUILDINGS II L.P. ("BROADWAY"); CAPITAL FINANCE L.P. ("CAPITAL"); and EMERALD SERVICES GROUP ("EMERALD"), (hereinafter collectively referred to as "Counter-Claimants") hereby stipulate to the entry of a "Stipulated Order Re: Liability and Damages" in support of a "Stipulated Final Judgment on Less Than All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All

RECEIVED
SEP 26 2000
CLERK, U.S. DISTRICT COURT
SPOKANE, WASHINGTON

Stipulated Order Re: Liability and Damages - Page 1



Claims", entered concurrently herewith:

## STIPULATED FACTS

Plaintiff and Counter-Claimants hereby stipulate to the following facts:

1. Counter-Claimants and Plaintiff hereby admit as true the factual allegations contained in paragraphs 1 to 148 of the Plaintiff's First Amended Complaint, filed in this action on July 30, 1999 as Ct. Rec #115.

2. That at all times since May of 1996, Plaintiff was employed by Counter-Claimants and is owed agreed compensation for the services performed by Plaintiff, in the total amount of $309,610.00, see discussion *infra*. That since June of 1996, Plaintiff has performed valuable services for Counter-Claimants related to the preservation and implementation of the JV/Loan Agreement and the confirmation and implementation of Broadway's Confirmed Plan of Reorganization. That Plaintiff has no ownership interests in Counter-Claimants and is not an officer, director, stockholder or equity holder of Counter-Claimants. Plaintiff is and at all times was, a retained independent consultant, performing valuable services for Counter-Claimants, at the request and instruction of Counter-Claimants, for the benefit of Counter-Claimants.

3. Were it not for Plaintiff's services, completed at the request and instruction of the Counter-Claimants, Counter-Claimants would not have been able to preserve and protect their interests in the JV/Loan Agreement and would not have been able to obtain the confirmation and implementation of Broadway's Confirmed Plan of Reorganization.

4. In May of 1996 and since that date, Counter-Claimants, through corporate resolutions, court orders and other authorizations and instruction, have employed Plaintiff and instructed Plaintiff to take all necessary action to: (1) investigate, preserve and protect Counter-Claimant's claims against third parties; (2) preserve, protect and implement Counter-Claimant's interests in the JV/Loan Agreement; (3) obtain the confirmation and implementation of Broadway's Confirmed Plan of

Reorganization; (4) formulate and implement a plan of reorganization for GMFT Reorganization Corporation; (5) cause the unauthorized and forged deed wrongfully encumbering the BROADWAY PROPERTY to be stricken and expunged; (6) cause the unlawful Lis Pendens wrongfully encumbering the ANTLER PROPERTY to be stricken and expunged; and (7) to take any and all other action necessary to preserve and protect the Counter-Claimants business interests from the wrongful and unlawful conduct of Third Parties. (See paragraphs 1 to 148 as alleged in Plaintiff's First Amended Complaint.)

    5. Were it not for the wrongful actions of Third Parties, Plaintiff would not have had to perform the services described in paragraph #4, above. Were it not for the wrongful actions of Third Parties, Counter-Claimants would not have incurred the herein obligation owed to Plaintiff. Were it not for the wrongful actions of Third Parties, Counter-Claimants would owe the Plaintiff no amount of unpaid compensation.

    6. That pursuant to the course of conduct, written partnership agreements, written employment agreements, and Broadway's Confirmed Plan of Reorganization, Plaintiff is entitled to recover reasonable compensation from Counter-Claimants, in the sum of at least $30/hr., plus expenses, for all services which were requested and performed since June of 1996, as established herein.

    7. Due to the wrongful actions of Third Parties, Counter-Claimants have been unable to pay to Plaintiff reasonable compensation, for the valuable services that Plaintiff has performed since June of 1996. Were is not for the wrongful actions of Third Parties, the Counter-Claimants and related parties, Plaintiff would not have been required to performed the services for Counter-Claimants, as described in paragraph 4.

    8. Having completed satisfactory discovery and in order to avoid further litigation expense and costs, Plaintiff and Counter-Claimants hereby stipulate that Counter-Claimants are, jointly and severally indebted to Plaintiff as follows:

Stipulated Order Re: Liability and Damages - Page 3

PG 20 OF 22