DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
TEMPORARY ADDRESS:
SPOKANE CO. JAIL
MS-JAIL CD # 293752
1100 W. MALLON
SPOKANE, WA 99260-0150
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISONER – PLAINTIFF

MO-FJM-C-12
DATE: 8/12/05
TIME: 19:00
FJ-07

FILED
AUG 19 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## U.S. DISTRICT COURT
## DISTRICT OF DELAWARE

DUNCAN J. MCNEIL
    PLAINTIFF

v.

UNITED STATES, ET. AL.
    DEFENDANTS.

CASE NO: 05-421-SLR
EXPARTE MOTION TO MODIFY ALTER OR AMEND FINDINGS & ORDERS PURSUANT TO FRCP 52, 59 & 60; EXPARTE MOTION FOR RELIEF FROM 2 ORDERS ENTERED 8/8/05; EXPARTE MOTION TO EXTEND TIME

I, DUNCAN J. MCNEIL, III, AM AN INDIGENT, DISABLED AND AN UNLAWFULLY INCARCERATED PRISONER[1], BEING SWORN UPON OATH, HEREBY DECLARE THAT:

1. THAT PURSUANT TO 28 U.S.C. § 915(g) I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, DUE TO THE CONDITIONS OF MY CONFINEMENT (DUE TO 8th AMEND. VIOLATIONS) AND DUE TO THE INTENTIONAL INDIFFERENCE TO MY HEALTH, SAFETY & WELFARE, BY THE WITHHOLDING OF

PG 1 OF 6

REQUIRED MEDICAL CARE AND TREATMENT BY MY CAPTORS.

2. I FACE THE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AS ACTS OF RETALIATION & RETRIBUTION FOR MY HAVING SOUGHT TO ENFORCE & EXERT MY CONSTITUTIONALLY PROTECTED RIGHTS, AS PLEAD IN THIS ACTION, AND AS OTHERWISE EXISTING, AS TO THE "FOREIGN JUDGMENTS"

3. THAT THIS ACTION IS BROUGHT AS A COMMON LAW SUIT TO ENFORCE FINAL FEDERAL COURT JUDGMENTS, PURSUANT TO THE U.S. CONST. ART. IV §1, IN THIS DISTRICT.

4. THAT THIS ACTION IS ALSO BROUGHT TO ENFORCE THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 USC §962, AND THE DISCHARGE INJUNCTION AND DISCHARGE, PURSUANT 11 U.S.C. § 524 AND 11 U.S.C. §1141, PURSUANT TO THE CONFIRMED CHAPTER 11 PLAN, ENTERED 6/16/99 IN CASE NO. LA 98-16082-SB, USBC-CD-CA, RE BROADWAY BUILDING, II LP.

5. THAT THIS ACTION IS BROUGHT TO VACATE OR DECLARE "VOID" ② THE EXACT ORDERS REFERENCED

PG 2 OF 6

---

② IN DELEON V. DOE, 361 F.3d 93, AT 95 (2nd CIR. 2004) IT WAS HELD THAT COURT CAN NOT RELY UPON AN ISSUED "STRIKE" IN A PRIOR DISMISSAL TO COURT SHOULD DETERMINE IF PRIOR SUIT SHOULD BE DISMISSED AND THAT THIS COURT SHOULD DETERMINE IF PRIOR SUIT QUALIFIES AS "STRIKES" BARRING THE PLAINTIFF ULTIMATELY QUALIFIES AS STRIKES" BARRING THE PLAINTIFF FROM PROCEEDING IFP IN THIS ACTION PURSUANT TO 28 USC §1915 (g).

OR RELIED UPON

1. IN THIS COURT'S (2) ORDERS ISSUED 8/8/05 ~~PURSUANT TO THE PROVISIONS OF 26 U.S.C. § 7433~~, AS SAID ORDERS WERE ENTERED: (1) IN A "A CLEAR ABSENCE OF ALL JURISDICTION"; (2) BY GRANTING RELIEF IN EXCESS OF THAT PLEAD OR PRESERVED BY THE ADVERSE PARTIES; (3) IN VIOLATION OF THE PLAINTIFF'S RIGHTS TO DUE PROCESS, ON A SUA SPONTE BASIS, WITHOUT NOTICE OR ANY MEANINGFUL OPPORTUNITY TO BE HEARD"; AND (4) IN VIOLATION OF 11 U.S.C § 362, 11 U.S.C. § 524 OR 11 U.S.C § 1141.

6. AS SUCH THE PLAINTIFF, HEREBY ASSERTS THAT THE EXACT ORDERS REFERENCED (OR RELIED UPON) IN THIS COURT'S (2) ORDERS ISSUED 8/8/05 ARE "VOID AB INITIO" LEGAL ORDERS, OF NO FORCE AND EFFECT, WHICH CAN BE COLLATERALLY ATTACKED IN THIS ACTION, AND VOIDED IN THIS ACTION, PROHIBITING SAID ORDERS FROM BEING ASSERTED OR ENFORCED AGAINST THE PLAINTIFF, UNTIL THIS

PG 3 OF 6