DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
~~TEMPORARY ADDRESS:~~
~~SPOKANE CO. JAIL~~
~~MS JAIL SID #293752~~
~~1100 W. MALLON~~
~~SPOKANE, WA 99260-0150~~

MO-FJM-C-90
DATE: 8/30/05
TIME: 19:00
FJ-08

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

DUNCAN J. MCNEIL, III
        PLAINTIFF,

v.

UNITED STATES AND
IT'S OFFICERS AND
AGENCIES, ET AL.
        DEFENDANT.

CASE NO:
05-421-SLR

EX PARTE MOTION
FOR FINDINGS
THAT PLAINTIFF IS:
① UNDER "IMMINENT DANGER" OF SERIOUS PHYSICAL INJURY.
② NOT A "PRISONER"
③ NOT RESTRICTED BY THE "THREE STRIKES" PROVISION OF 28 USC § 1915(g);
④ INDIGENT AND DISABLED AND IS ENTITLED TO REASONABLE ACCOMMODATIONS &
⑤ FOR RELIEF FROM "STRIKE" ORDERS OF USDC-ED-WA

FILED
SEP - 6 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I, DUNCAN MCNEIL III, BEING SWORN UPON OATH AND EXPOSED HEREBY DECLARE TO THAT I INCORPORATE HEREIN MY "URGENT EX PARTE MOTION:
① TO PROCEED IFP ..." PREVIOUSLY

FILED IN THIS ACTION.

2. THAT IN DIRECT RETALIATION, AND RETRIBUTION TO MY ATTEMPTS TO EXERCIZE AND ENFORCE MY CONSTITUTIONAL RIGHTS, I AM PRESENTLY UNDER "IMMINENT DANGER" OF SERIOUS PHYSICAL INJURY DUE TO THE CONDITIONS OF MY UNLAWFUL CONFINEMENT AND THE ONGOING AND CONTINUAL DENIAL OF REQUIRED MEDICAL CARE AND TREATMENT.

3. THAT I AM NOT A "PRISONER" AS DEFINED BY 28 U.S.C. § 1915 IN THAT I AM NOT INCARCERATED AS PUNISHMENT FOR A LAWFUL CRIMINAL CONVICTION, I AM UNLAWFULLY INCARCERATED AS A "CIVIL DETAINEE" BASED UPON "CON HAB CMO" ORDERS OF THE U.S. DISTRICT COURT, AND THE STATE SUPERIOR COURT.

4. AS A CIVIL DETAINEE I AM NOT A "PRISONER" AS DEFINED BY 28 U.S.C. § 1915, AND I AM NOT THEREFORE SUBJECT TO THE RESTRICTIONS OF 28 U.S.C. § 1915(g). TROVILLE v. VENZ, 303 F.3d 256 (11th CIR 2002).

SO THAT I AM PERMENANTLY DISABLED (SEE "URGENT EXPARTE MOTION PAGES 9 OF 20 TO 20 OF 20), AND AS SUCH I AM ENTITLED TO REASONABLE ACCOMMODATIONS FOR MY ESTABLISHED DISABILITY, BY THIS COURT, THE DEFENDANTS AND MY CAPTORS.

6. THAT THIS ACTION IS A COMMON LAW ACTION IN AID OF AND TO ENFORCE "FOREIGN JUDGMENTS" AGAINST DEFENDANTS AND PROPERTY LOCATED IN THIS JUDICIAL DISTRICT. BY THIS ACTION THE PLAINTIFF SEEKS TO ENFORCE PREVIOUSLY ADJUDICATED RIGHTS, DUTIES AND OBLIGATIONS AS TO DEFENDANTS AND PROPERTY LOCATED IN THIS JUDICIAL DISTRICT.

7. THAT IN DIRE... MY EFFORTS TO EXERCISE AND ENFORCE MY CONSTITUTIONAL... ... ... AS FOLLOWS:

8. ... ON OR ABOUT MARCH, 2005 MY CAPTORS HAVE WITHHELD AND WITHDRAWN MY PAIN AND ANXIETY MEDICATIONS (SEE PAGES 13 OF 71

PG 3 OF 71

to 66 of 71, ATTACHED HERETO, WHICH ARE TRUE AND CORRECT COPIES OF MY JAIL MEDICAL REQUESTS AND RESPONSES). THE WITHDRAWAL AND WITHHOLDING OF MY REQUIRED MEDICATIONS HAS CAUSED ME TO SUFFER CRUEL & UNUSUAL PAIN AND SUFFERING, RESULTING IN SEVERE COMPLICATIONS AS TO MY CHRONIC MEDICAL CONDITION, CONSTITUTING "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY", SEE BROWN v. JOHNSON, 387 F.3d 1344 (11th Cir. 2004).

9. THAT AS SHOWN BY THE ATTACHED MEDICAL CORRESPONDENCE (pgs 13 of 71 to 66 of 71) THE JAIL OFFICIALS HAVE WRONGFULLY DISCONTINUED IN RETALIATION AND RETRIBUTION MY ANXIETY AND PANIC DISORDER MEDICATIONS PLACING ME IN "IMMINENT DANGER" OF SERIOUS PHYSICAL INJURY. SEE CIAHPHOENIX v. SAINT, 352 F.3d 328 (7th Cir 2003).

10. THAT AS SHOWN BY THE ATTACHED MEDICAL CORRESPONDENCE (pgs 13 of 71 to 66 of 71, MY CAPTORS HAVE ACTED WITH "DELIBERATE INDIFFERENCE TO MY URGENT AND SERIOUS MEDICAL NEEDS, THEREBY SUBJECTING ME TO "IMMINENT DANGER" OF SERIOUS

PHYSICAL INJURY. SEE <u>McALPIN v. TONEY</u>, 281 F.3d 709 (8th CIR 2002).

11. THAT I AM A MINIMUM SECURITY INMATE (SEE CLASSIFICATION PGS <u>70</u> OF <u>71</u> TO <u>71</u> OF <u>71</u>) WITH THE LOWEST POSSIBLE RANKING OF A "(-1)", BUT SINCE 3/9/05, I HAVE, IN VIOLATION OF TAIC POLICY (SEE ARTICLE PG <u>69</u> OF <u>71</u>) I AM BEING HOUSED IN MEDIUM/MAXIMUM HOUSING, IN DIRECT RETALIATION FOR HAVING SOUGHT TO ENFORCE MY CONSTITUTIONAL AND CIVIL RIGHTS, RESULTING IN REAL AND PROXIMATE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. IT IS SUFFICIENT THAT MY SITUATION ONLY "POSES" AN IMMINENT DANGER. SEE <u>GIBBS v. CROSS</u> 160 F.3d 962 (3d CIR. 1998).

12. THAT AT THE ENCOURAGEMENT AND/OR NEGLIGENCE OF MY CAPTORS, I HAVE BEEN BRUTALLY ASSAULTED BY TWO OTHER INMATES (PG <u>67</u> OF <u>71</u>), AND DESPITE A TAIC "SEPARATE ORDER" (PG <u>68</u> OF <u>71</u>), I HAVE TWICE BEEN PLACED INTO THE SAME CELL WITH MY PREVIOUS ATTACKERS,

PLACING ME IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. SEE ASHLEY v. DILWORTH, 147 F.3d 715 (8th CIR. 1998).

13. UNLESS AN INMATES "IMMINENT DANGER" CLAIM IS DIRECTLY CHALLENGED WITH ADMISSABLE EVIDENCE, THE COURT MUST ALLOW THE ACTION TO PROCEED EVEN WITH A CLAIM OF PRIOR "THREE STRIKES". SEE GIBBS v. ROMAN, 116 F.3d 83 (3rd CIR. 1997)

14. THE THE CLAIMED RECORDED "STRIKES" AGAINST THE PLAINTIFF ARE BASED UPON "VOID" AND ERRONEOUS DISMISSALS OF PLAINTIFFS PRIOR ACTIONS (EACH OF WHICH IS STILL PENDING BEFORE THE DISTRICT COURT OR ON APPEAL, AT THIS TIME) AND CAN NOT THEREFORE BE USED AS A "STRIKE" BARRING THE CURRENT ACTION. SEE STEWART v. ALLEN, 66 FED. APPX. 15 (7th CIR. 2003).

15. EACH OF THE ALLEGED "STRIKES" ASSERTED AGAINST THE PLAINTIFF IS IN RELATION TO ACTIONS THAT ARE STILL PENDING, AT THIS TIME, EITHER IN DISTRICT COURT,