OR IN THE CIRCUIT COURT, AND
AND THEREFORE NOT BE COUNTED
AS A "STRIKE" AGAINST
PLAINTIFF. SEE CAVELL v. LIGHTNER,
143 F. 3d 1210 (9TH CIR 1998).

16. IN THE PLAINTIFF'S ONGOING
ADDRESS OF THE SUA SPONTE
ERRONEOUS DISMISSALS OF PRIOR
ACTIONS, CLAIMED TO BE A "STRIKE"
~~THE PLAINTIFF~~, THE PLAINTIFF HAS
BEEN DENIED COUNSEL BY THE COURT
OF APPEALS, DENYING THE PLAINTIFF
HIS RIGHT TO ADEQUATE MEANS OF
CHALLENGING THE USDC-ED-WA "STRIKES",
WHICH REQUIRES THAT ANY COURT OF
APPEAL WILL UPHOLD THE
"STRIKES" BE VACATED. SEE JOHNSON
v. U.S., 352 ... 565 ... UT. 550
(1957)

... THE ... APPEALS
... THE USDC-ED-WA SUA SPONTE
ERRONEOUS ... AS CLAIMED TO BE
STRIKES", THE PLAINTIFF IN VIOLATION
OF CIRCUIT RULE 30-3, THE USDC-
ED-WA HAS VIOLATED THE PLAINTIFF'S
RIGHTS BY FAILING AND REFUSING TO
PROVIDE THE ULTIMATE ANY TRIAL
EXCERPTS OR TRANSCRIPTS, WHICH WILL

INVALIDATE ANY COURT OF
APPEAL ORDER AFFIRMING THE
CLAIMED "STRIKES". FARLEY v.
U.S., 354 U.S. 521, 77 S.CT. 1371
(1957).

18. THE USDC-ED-WA' PRIOR
SUA SPONTE ~~~~ ERRONEOUS & VOID
DISMISSAL ORDERS OF THE PLAINTIFFS
PRIOR ACTIONS, CLAIMED TO BE
"STRIKES" ARE "VOID AB INITIO"
ORDERS WHICH GRANTED RELIEF
TO THE DEFENDANTS IN SAID ACTIONS
IN VIOLATION OF THE RE IMPOSED
AUTOMATIC STAY (11 USC § 362)
AND THE DISCHARGE AND
DISCHARGE INJUNCTION (11 U.S.C.
§ 524 AND 11 U.S.C § 1141) IMPOSED
BY THE "FOREIGN JUDGMENTS"
SOUGHT TO BE ENFORCED IN THIS
ACTION. SEE HILLIS MOTORS INC. v.
HAWAII AUTO DEALERS, 997 F.2d
581, AT 585-586 (9th CIR, 1993);
WOLF v. WEINSTEIN, 372 U.S. 633 AT
648 (1963); IN RE SCHWARTZ, 954
F.2d 569, AT 573-75 (9th CIR, 1992);
STOLL v. GOTTLIEB, 305 U.S. 165,
59 S.CT. 134 (1938).

19. THE USDC-ED-WA PRIOR,

1  SUA SPONTE ERRONEOUS & VOID

2  DISMISSALS, CLAIMED AS "STRIKES"

3  ARE "VOID AB INITIO" ORDERS,

4  WHICH CAN BE COLLATERALLY

5  ATTACKED IN THIS ACTION, AND

6  VACATED AND VOIDED IN THIS ACTION

7  AT ANY TIME THAT THEY ARE

8  ~~ARE~~ ASSERTED AGAINST THE

9  PLAINTIFF. SEE FAY v. NOIA,

10  83 S CT. 822 (1963); STATE OF

11  MISSOURI EREL v. TITLE GUAR. SUR. CO.,

12  72 F.2d 595 (8TH CIR. 1934); MATTER

13  OF CHINN, 57 F.3d 546 (5TH CIR. 1995);

14  BLUME v. US, 40 B.R. 551 (D.S.D. 1984);

15  FEDERAL LAND BANK v. WILSON, 533 F.

16  SUPP. 301 (E.D. ARK. 1982); NATIONAL

17  SILVER CO. v. US, 333 F. SUPP. 551

18  (CUIT. CT. 1971); CITY OF MEMPHIS v.

19  INGRAM, 195 F.2d 338 (8TH CIR 1952);

20  BRADLEY v. ST. LOUIS TERMIN A WAREHOUSE,

21  189 F.2d 818 (8TH CIR. 1951); IN RE

22  AMERICAN FIDELITY CORP, 28 F. SUPP. 462

23  (S.D. CAL 1939); US EXREL WEICH v.

24  DAVIS, 8 F.2d 907 (8TH DC. CIR. 1925).

25       26. WHEN THIS COURT IS

26  PRESENTED WITH EVIDENCE THAT

27  THE USDC-ED-WA SUA SPONTE

28  ERRONEOUS DISMISSAL ORDERS (CLAIMED

AS "STRIKES") ARE "VOID AB INITIO"
ORDERS, OF NO FORCE AND EFFECT,
THIS COURT HAS A MANDATORY,
NON-DISCRETIONARY DUTY AND
OBLIGATION TO DECLARE SAID
"STRIKE" ORDERS VACATED AND
VOIDED, AND THE ENFORCEMENT OF
SAID VOID ORDERS AGAINST THE PLAINTIFF
WOULD BE AN ACT IN "CLEAR
ABSENCE OF ALL JURISDICTION",
CAUSING THIS COURT TO LOSE IT'S
JUDICIAL IMMUNITY. SEE JORDAN
V. GILLIGAN, 500 F.2d 701 (6th CIR.
1974); CHAIN GONG, 93 P.3d 936
(WASH. APP. 2004); ELKHORN CO.Y V.
UNITED CAPITOL INS. CO., 92 P.3d 273
(WASH. APP. 2004); STROBUNG V. CLARKE,
691 So 2d 288 (ALA. 2004); DILDEER
V. DREWSTER, 826 A.2d 961 (R.I. 2003);
ROE V. DOE, 649 N.W. 2d 566 (N.D. 2002);
SCANLON V. WITRAK, 42 P.3d 447 (WASH.
APP. 2002); REICHERT V. ST. CLAIT SO. 7
So. 2d 1282 (MISS. APP. 2002); MEYER V.
MEYER, 19 P.3d 774 (HAW. APP. 2001);
SUMMERS V. STATE OF WASH., 14 P.3d 902
(WASH. APP. 2001); RAUSBERGER V. KLEIN,
5 P.3d 351 (COLO. APP. 1999); BOYER V.
BOYER, 736 A.2d 273 (ME. 1999);