SECTION **B**

Wednesday, March 23, 2005
The Spokesman-Review
Spokane, Wash./Coeur d'Alene, Idaho

# Region

## Lawsuit filed over jail death

### Family of strangled man blames county, jailers

**By Jonathan Brunt**
Staff writer

The family of a man who was strangled in the Spokane County Jail filed a $5.65 million civil rights lawsuit against the county Tuesday in federal court.

Christopher L. Rentz, 21, died Oct. 2 after he was beaten with a broom, cut on his neck with a razor and strangled with a bed sheet while in a dormitory cell at the Spokane County Jail.

The suit alleges that the jail, which is run by the Spokane County Sheriff's Office, violated Rentz's civil rights and was indifferent to his safety, in part by placing him in a cell with men accused of much more violent crimes, including rape and murder.

Rentz was in jail facing a charge of second-degree robbery for allegedly stealing $23.04 worth of fuel from a north Spokane gas station and hitting the arm of a station attendant in the process.

"Chris Rentz was put in a cell with two very dangerous individuals," said Jeffry Finer, the attorney representing the Rentz family. "The fear we have is that it is a common practice."

Sheriff Mark Sterk said on Friday that he couldn't comment on the case. However, in a discussion about jail overcrowding, Sterk said the jail is "overpopulated and understaffed."

"Because we don't have the staff, I believe that leaves us (open) to huge liability," Sterk said. "It is dangerous for both our corrections officers and our inmates."

Finer said a lack of money to hire a large corrections staff doesn't excuse the jail for placing violent offenders in a cell with Rentz.

"Budget and staffing are always a problem for jails, but the bedrock rule is not to mix maximum and minimum security inmates," Finer said.

Spokane County jail policy says "no 'minimum' custody level inmates will be housed with those inmates having a 'maximum' custody level." The suit alleges that the jail wasn't following its policy.

Continued: Suit/B6

### Suit: Suspects were charged

Continued from B1

According to the lawsuit, Rentz was classified as a minimum security risk, while two men accused of killing Rentz were marked as maximum security threats. The two alleged killers were charged in December with Rentz's murder.

Michael L. West Jr., 28, faces a count of first-degree murder. At the time of Rentz's death, he was in jail on charges of repeatedly stabbing a woman and raping her.

Brandon W. Martin, 20, faces a count of second-degree murder. When Rentz was killed, Martin had recently pleaded innocent "by reason of insanity" to killing two men at a party in Mead in October 2003.

The suit names Spokane County, Sterk and seven jail employees as defendants. That includes a corrections officer who called into the cell through an intercom around the time of the attack. A fourth inmate in the cell told investigators that West was strangled after the officer called.

"We're not Monday-morning quarterbacking," Finer said. "We're just noting that there were warnings, warnings and warnings."

Rentz's mother, Debra Rentz, his brother and sister are the plaintiffs in the case. Finer said that Rentz's father has hired a different attorney and is pursuing a separate case against the county.

■ Reporter Jonathan Brunt can be reached at (509) 455-4442 or jonathanb@spokesm.com

## WASPC OBJECTIVE JAIL CLASSIFICATION
## INITIAL CLASSIFICATION INSTRUMENT

Inmate Name: Mcneil Duncan J    Current Cell: 2W58    New Cell: _____

Inmate ID#: 293752    Reassessment Date: _____    Date: _____

REASSESSMENT REASON:    1 - ROUTINE    2 – DISCIPLINARY    3 - OTHER    _____

### CUSTODY EVALUATION

1. SEVERITY OF CURRENT OFFENSE *
   - Class "A" Felony — 7
   - Class "B" Violent Felony — 5
   - Class "B" Non-Violent Felony — 2
   - Class "C" Violent Felony — 2
   - Class "C" Non-Violent Felony (includes drug charges) — 1
   - Gross Misdemeanor, Misdemeanor, Traffic — 0    SCORE: 0

2. ADULT CONVICTION HISTORY * (Official data, e.g. NCIC; and/or Self-Report)
   - Class "A" Felony (within the last 10 years) — 7
   - Class "B" Violent Felony (within the last 10 years) — 5
   - Class "B" Non-Violent Felony (within the last 10 years) — 2
   - Class "C" Violent Felony (within the last 10 years) — 2
   - Class "C" Non-Violent Felony (within the last 10 years) — 1
   - Gross Misdemeanor, Misdemeanor, Traffic, or No History — 0    SCORE: 0

3. ESCAPE HISTORY (Excluding Current Charges) 10 YEARS *
   - Escape or attempted escape from secure facility — 7
   - Walk-away or attempted escape from non-secure facility or failure to return from authorized absence — 3
   - No escape or attempts — 0    SCORE: 0

   MAXIMUM CUSTODY SCORE (Add Items 1-3)
   SCORE OF EIGHT OR HIGHER – ASSIGN TO MAXIMUM CUSTODY:    TOTAL: 0

4. PRIOR INMATE INSTITUTIONAL BEHAVIOR *
   - One or more (within the past 3 years) Major / Serious Incidents — 3
   - Four or more (within the past 3 years) Minor / General Incidents — 1
   - None or Minor Incidents (with no segregation time) — 0    SCORE: 0

5. PRIOR FELONY CONVICTIONS (Excluding Current Charges – past 10 years)
   - Two or More Violent — 4
   - One Violent — 3
   - One or More Non-Violent — 2
   - None — 0    SCORE: 0

6. ALCOHOL / DRUG ABUSE
   - Abuse Resulting in Social or Legal Problems — 1
   - No Abuse Problems / Unknown — 0    SCORE: 0

7. CURRENT AGE
   - 24 or less — 2
   - 25 -39 — 0
   - 40 or more — -1    SCORE: -1

   COMPREHENSIVE CUSTODY SCORE (Items 1-7)    TOTAL: -1

* Single most serious, not accumulative

## SCALE SUMMARY & RECOMMENDATIONS

- 8 or More Points on Items 1-3
- 12 or More Points on Items 1-7
- 7-11 Points on Items 1-7
- 6 or Fewer Points on Items 1-7

Maximum
Maximum
Medium
Minimum

CUSTODY LEVEL INDICATED BY SCALE

1 - (Minimum)     2 - Medium     3 - Maximum     SCORE __1__

### CUSTODY LEVEL OVERRIDE FACTORS

*MANDATORY OVERRIDE:* An offender cannot be reclassified to minimum if current offense is: (Unless approved by an Administrator)

- ___ Murder – First Degree
- ___ Homicide by Abuse
- ___ Murder – Second Degree
- ___ Assault – First Degree
- ___ Kidnapping – First Degree
- ___ Rape – First Degree

*DISCRETIONARY OVERRIDES – TO INCREASE CUSTODY LEVEL*

- ___ Current Charge or Previous Conviction for Sex Crime
- ___ Weapons Charges
- ___ Current Charge or Previous Conviction of Domestic Violence
- ___ Known Gang Affiliation
- ___ Known Management Problems
- ___ Suspected/Known Drug Trafficker
- ___ Nature of Offense More Severe Than Charge Would Indicate
- ___ Serious Violence Threat
- ___ Severe Felony Arrest History Beyond 5 Years (Cumulative)
- ___ Substance Abuse Problem
- ___ Previous Prison Time
- ___ Suspected Escape Threat
- ___ Warrant/Detainer USM / INS

*DISCRETIONARY OVERRIDES – TO LOWER CUSTODY LEVEL*

- ___ Description of Offense Not as Severe as Scale Would Indicate
- ___ Good Institutional Behavior
- ___ Prior Record Not as Severe as Scale Would Indicate
- ___ Short Time Remaining to Serve
- ___ Sentenced / Short term

### SPECIAL HOUSING FACTORS

- ___ Medical Problem(s)
- ___ Sexual Orientation
- ___ Psychological Impairment
- ___ Protective Custody
- ___ Suicide Risk
- ___ Physical Impairment
- ___ Cannot be Housed with Co-Defendant(s)
- ___ Developmentally Disabled
- ___ Previous Law Enforcement Employment
- ___ Other (Explain) _____

### RECOMMEND CUSTODY / HOUSING PLACEMENT LEVEL

Custody
1 – (Minimum)
2 – Medium
3 – Maximum

Housing
1 – General Population
2 – Protective Custody
3 – Medical
4 – Administrative Segregation
5 – Mental Health
6 – Other _____

OFFICER'S SIGNATURE: _____ DATE: 9/25/0_

### FINAL CUSTODY AND HOUSING LEVEL

Custody
1 – Minimum
2 – Medium
3 – Maximum

Housing
1 – General Population
2 – Protective Custody
3 – Medical
4 – Administrative Segregation
5 – Mental Health
6 – Other _____

REASON(S) FOR PLACEMENT IF THIS DEPARTS FROM RECOMMENDED LEVELS:
_____
_____

SUPERVISOR'S REVIEW / APPROVAL: _____ DATE: _____